```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION
```

```
GERALDINE C. COATES,              *
                                  *
     Plaintiff,                   *
                                  *
vs.                               *   Civil Action 08-00091-CG-B
                                  *
MICHAEL J. ASTRUE,                *
Commissioner of                   *
Social Security,                  *
                                  *
     Defendant.                   *
```

## REPORT AND RECOMMENDATION

This action is before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on Petitioner's Petition for Authorization of Attorney Fees (Doc. 26), and Defendant's Response thereto (Doc. 30). Upon consideration of all pertinent materials contained in this file, it is recommended that the Petition for Attorney Fees (Doc. 26) be **GRANTED in part, and DENIED in part.**

### I.  Findings Of Fact

1. Plaintiff protectively filed an application for a period of disability and disability insurance benefits, and for supplementary income benefits under Titles II and XVI of the Social Security Act ("Act") 42 U.S.C. 401-433, 1381-1383h on August 19, 2003. Plaintiff's claims were denied initially on June 25, 2002. (Doc. 12 at 27-28, 52-55, 274, 278-284).

2.   On October 25, 2005, an Administrative Law Judge entered a decision unfavorable to Plaintiff.  He found that Plaintiff was not entitled to disability insurance benefits, or supplementary income benefits.  (Doc. 26 at 1-2).  Plaintiff timely filed an appeal, which was denied by the Appeals Council ("AC").  (Id. at 2).

4.   Plaintiff and Petitioner Byron Lassiter executed an agreement, dated January 28, 2008.  The agreement provides that Plaintiff agrees to pay an attorney's fee equal to twenty-five percent (25%) of any accumulated past-due benefits paid to her and her family in the event of the successful prosecution of her claim in federal court. (Doc. 26-7, Exhibit F).

5.   On February 14, 2008, Mr. Lassiter filed an action in this Court, on behalf of Plaintiff, seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for a period of disability, disability insurance benefits and supplementary income benefits.  (Doc. 1).

6.   On August 29, 2008, Defendant filed a Motion for Remand pursuant to Sentence Four of 42 U.S. C. § 405(g).  (Doc. 16).

7.  The undersigned Magistrate Judge, on September 4, 2008, issued a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), and recommended that Defendant's motion be granted, and that this case be reversed and remanded.  (Doc. 17).

8.   Chief Judge Callie V. S. Granade adopted the report and

recommendation and on September 29, 1008, entered a judgment, reversing and remanding this cause to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).  Accordingly, Plaintiff was the prevailing party under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Docs. 18, 19).

    9.   Plaintiff filed an Application for Attorney Fees pursuant to the EAJA on December 3, 2008.  In an Order dated January 6, 2009, the Court awarded Plaintiff $3,239.19 for attorney's fees[1]. (Docs. 20, 24, 25).

    10.  On January 14, 2009, the ALJ issued a favorable decision. He determined that Plaintiff is disabled and entitled to benefits under Titles II and XVI of the Social Security Act as of May 31, 2003, her alleged onset date.  (Doc. 26 at 2).

    11.  Social Security issued a Notice of Award dated May 19, 2009. The Notice reflects that $10,718.50 was withheld from Plaintiff's award as payment for authorized attorney's fees. (Doc. 26-3, Exhibit B).  A second Notice of Award dated June 14, 2009 reflects that $1,834.00 was withheld from Plaintiff's child's benefits as payment for authorized attorney's fees.  (Doc. 28-5, Exhibit D).

    12.   As noted supra, Plaintiff was previously awarded $3,239.19 in EAJA fees as a result of the September 29, 2008 decision.  (Docs. 24, 25).  Additionally, the Agency is awarding

---

[1]$174.15 per hour x 18.6 hours = $3,239.19.

Mr. Lassiter $5300 in administrative attorney's for time spent representing Plaintiff before the Agency. (Doc. 26-6, Exhibit E).

14. In the instant petition, Mr. Lassiter requests approval of $13,969.53 as the attorney's fee for legal services rendered to Plaintiff before this Court. According to Mr. Lassiter, the requested amount represents 25% of Plaintiff's past-due benefits, less the $5,300 administrative award, and is not more than twenty-five percent (25%) of Plaintiff's past due benefits[2]. He further states that the requested amount is consistent with the agreement reached between himself and Plaintiff. (Doc. 26 at 5, Exhibit C).

15. On July 21, 2009, Defendant filed its response to Petitioner's authorization for contingency fees, and advises that the total of Plaintiff's Title II past due benefits is $50,210.00, and the total of her Title XVI past due benefits is $1,104.00, for a total of concurrent past due benefits of $51,314.00, 25% of which amounts to $12,828.50. Defendant argues that Plaintiff's counsel has received administrative fees in the amount of $5,300.00, and so the total amount of attorney fees Plaintiff's counsel is entitled to under 406(b) is $7,528.50 ($12,828.50-$5,300.00 = $7,528.50).

---

[2] Mr. Lassiter's initial calculations include 25% of an amount due Plaintiff. Apparently, Mr. Lassiter based his calculation on a document titled "Important Information," which he received from Social Security. (Doc. 26 at 5, 26-4, Exhibit C). After a discussion with counsel for Defendant, Petitioner acknowledges that the correct calculation is based on the Notices of Award (Doc. 26-3, Exhibit C, 26-5, Exhibit E), which set forth the amount withheld from Plaintiff's past due benefits to be paid for attorney's fees. (Doc. 30 at 2).

Defendant further states that he has conferred with Petitioner, and he agrees that $7,528.50 is the correct amount of attorney fees to be awarded.

**II. Conclusions Of Law**

    **A.    Governing Law**

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[3] Section 406(b) "does not invalidate all contingent fee arrangements--it merely sets their upper limit--and because such arrangements effectuate congress's objective of securing adequate representation for social security claimants, a requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990).

The Eleventh Circuit previously applied the "lodestar method," under which the number of hours reasonably devoted to the action

---

[3]"When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

5

was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable Section 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of factors to be considered in adjusting the lodestar amount upward or downward.  Kay v. Apfel, 176 F.3d 1322, 1324-1327 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789 (2002).  In Gisbrecht, the Court held that Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead [the section] instructs courts to review for reasonableness fees yielded by those agreements."  Gisbrecht, 535 U.S. at 809.  Gisbrecht specifically rejected the lodestar method of determining fees, stating that it is "unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later."  Id. at 805-806.  The Court then stated as follows:

> . . . . Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  [] Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). [] Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . . .

Id. at 807 (footnotes omitted).

In <u>Gisbrecht</u>, the Court did not specifically delineate the factors that district courts should consider when determining the reasonableness of the contingency fee arrangement, but did cite, with approval, an approach used to evaluate reasonableness by several circuits:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved . . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court . . . . If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order . . . . In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases . . . . Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

<u>Gisbrecht</u>, 535 U.S. at 808 (citations omitted).  From this, it appears that the Supreme Court intends that the lower courts give great deference to the contingency fee arrangement, and uphold such arrangements unless the fees produced by them are found to be unreasonable.  A contingent fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or

7

where the requested amount is so large as to be a windfall to the attorney.  <u>Wells</u>, 907 F.2d at 372.  Factors that may be considered in reviewing for reasonableness include: 1) the character of representation; 2) the result achieved by the attorney; 3) any delay caused by the attorney; 4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; 5) fraud or overreaching in making the agreement; and 6) the requested fee does not exceed 25 percent of past-due benefits. <u>Gisbrecht</u>, 583 U.S. at 808-809.

**B. <u>Discussion</u>**

Petitioner has included in his Petition itemized statements showing that 18.60 hours were spent on this case pursuing Plaintiff's claim in federal court (Doc. 26-2, Exhibit A).  He requests an award of $13,969.53, which he states represents the balance remaining of twenty-five percent (25%) of back benefits awarded to Plaintiff.  (Doc. 23 at 5).  Specifically, Petitioner argues that the contingent fee agreement should be found reasonable and given effect.  In support, Petitioner asserts that his skill and expertise increased the likelihood of a favorable outcome, and that he has had a "lengthy attorney-client relationship with the Plaintiff," which began on November 2005, lasted almost three years, and resulted in Plaintiff's award of benefits.  Petitioner has provided a copy of his contingent-fee agreement wherein Plaintiff agreed to pay an attorney's fee equal to twenty-five

8


percent (25%) of all past-due benefits payable to plaintiff and her family in the event her case is won. (Doc. 26-7, Exhibit F).

The undersigned has carefully reviewed the record in this case, including the Commissioner's response. Based upon the undersigned's thorough review, it is recommended that Petitioner be awarded an adjusted fee for a number of reasons. First, the Supreme Court has rejected an hourly approach ("lodestar method") for determining the reasonableness of a contingency fee arrangement, noting that the lodestar method is inappropriate because it is "designed to govern imposition of fees on the losing party." Gisbrecht, 535 U.S. at 805. In evaluating the reasonableness of the contingency fee arrangement, this Court does not look in isolation at the 25.70 hours spent in this Court. The undersigned notes that Petitioner obtained a fully favorable decision for his client which included significant past due benefits and future benefits. Also, Petitioner is recognized in this community as an experienced, reputable and capable attorney who practices almost exclusively in the area of Social Security law. Moreover, this Court recognizes that by assuming this representation, Petitioner assumed a significant risk that he may never recover any fee for his efforts. Furthermore, while there do not appear to have been any novel legal issues or arguments presented, Petitioner was required to overcome legal and factual obstacles to the enhancement of the benefits awarded to his client

which would justify a maximum award. This Court acknowledges that while the hours spent may appear disproportionate to the award; Plaintiff and Petitioner entered into an agreement, within the statutory maximum, which secured representation for Plaintiff of very capable and experienced counsel. Further, Petitioner assumed the risk that he would receive nothing if unsuccessful.

In <u>Wells</u>, the court held that

> [w]e must recognize, however, that a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment. (Citations omitted) Therefore, we ought normally to give the same deference to these agreements as we would to any contract embodying the intent of the parties. (Citations omitted) Based on these principles, we hold that where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable. (Citations omitted).

907 F.2d at 370.

Therefore, upon consideration of the foregoing, the undersigned finds that an award of **$7,528.50** to Petitioner, for representation of Plaintiff at the federal court level, is not unreasonable in this case.[4]   See, e.g., <u>Thomas v. Barnhart</u>, 412 F. Supp. 2d 1240 (M.D.

---

[4]<u>See also</u> e.g., <u>Yarnevic v. Apfel</u>, 359 F. Supp. 2d 1363, 1363-67 (N.D. Ga. 2005) (approving a contingency fee agreement resulting in an award of $21,057.75); <u>Claypool v. Barnhart</u>, 294 F. Supp. 2d 829 (S.D.W. Va. 2003) (approving a request for an award under a contingency fee agreement of $18,000, for 12.56 hours, resulting in an hourly rate of $1,433.00); <u>Hearn v.</u>

Ala. 2005).

## III. Conclusion

Accordingly, the undersigned **RECOMMENDS** that Petitioner be authorized to receive, as an attorney's fee pursuant to Section 406(b) for services rendered at the federal court level, the sum of **$7,528.50.**  This total is equal to twenty-five (25%) percent of the total past-due benefits awarded to Plaintiff.  The Magistrate Judge further **RECOMMENDS** entry of an order directing Petitioner to disburse to Plaintiff the sum of **$3,239.19,** which was previously awarded pursuant to the Equal Access to Justice Act ("EAJA").[5]

---

Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (approving $25,132.50 for 56 hours); Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (approving contingency fee resulting in an hourly rate of $977.00); Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002) (approving $10,189.50 for 16.82 hours); Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1385 (S.D. Ga. 2002) (approving contingency fee resulting in an hourly rate of $350.00).

[5] When an attorney obtains a fee award under the EAJA, and subsequently obtains a fee award under the Social Security Act, the attorney must return the smaller of the two to the plaintiff. See Section 206 of Pub. L. No. 96-481, as amended by Pub. L. No. 99-80, § 3, Aug. 5, 1985, 99 Stat. 186, which states as follows:

> (b) Section 206(b) of the Social Security Act [42 U.S.C. § 406(b)] . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code.  Section 206(b) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **29th** day of **July, 2009.**

                              **/s/ SONJA F. BIVINS**
                         **UNITED STATES MAGISTRATE JUDGE**

**JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   <u>Objection</u>.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  <u>Opposing party's response to the objection</u>.   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   <u>Transcript (applicable where proceedings tape recorded)</u>.

Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

<div style="text-align: right">

      **/s/ SONJA F. BIVINS**   
**UNITED STATES MAGISTRATE JUDGE**

</div>